This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SOPURKH KAUR KHALSA, SHAKTI PARWHA KAUR KHALSA, and EK ONG KAR KAUR KHALSA, Trustees of the Yogi Bhajan Administrative Trust,**

Plaintiffs-Appellees,

**v.**                                                                    **No. 34,911**

**INDERJIT KAUR PURI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Wray & Girard, P.C.
J. Katherine Girard
Katherine Wray
Albuquerque, NM

Sanders & Westbrook, P.C.
Maureen A. Sanders
Albuquerque, NM

Philip B. Davis
Albuquerque, NM

for Appellees

The Bowles Law Firm
Jason Bowles
Albuquerque, NM

The Soni Law Firm
Surjit P. Soni
Pasadena, CA

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Inderjit Kaur Puri (Appellant) appeals from the district court's post judgment order on her motion to quash the subpoena issued by the trial court at the request of Sopurkh Kaur Khalsa, et al., (Appellees), and for a protective order. This Court's second calendar notice proposed to dismiss on the basis that the order appealed from is not final and appealable. Appellees filed a memorandum in response, and Appellant filed a memorandum in opposition, to this Court's proposed disposition. Not persuaded by Appellant's arguments, we dismiss the appeal.

**{2}** Appellant contends that the order appealed from is immediately appealable because it is a collateral order unrelated to the merits of the case, which have been fully decided, and for which all appeals from the merits have been exhausted. [MIO 2] Appellant urges this Court to reach the merits of this appeal and determine that service was improper, and that Appellant's income tax returns are statutorily

privileged from discovery. [Id.] Therefore, Appellant asserts, dismissal of the appeal would waste the party's resources and result in futile acts by the district court to enforce what is clearly an unlawful order. [Id.]

{3} Specifically, Appellant argues that the order is a final, appealable order [MIO 3-4], and challenges this Court's reliance on *King v. Allstate Ins. Co.*, 2004-NMCA-031, ¶ 19, 135 N.M. 206, 86 P.3d 631. [MIO 5] Appellant asserts that the proposition stated in *King,* that "an order compelling discovery is not a collateral order," is distinguishable and inapplicable here, *id.* ¶ 18, where a final judgment on the merits of the underlying case has already been entered [MIO 5-6], and relies instead on *Breen v. State Taxation & Revenue Department*, 2012-NMCA-101, ¶ 13, 287 P.3d 379. Appellant contends that this case is akin to *Breen* because here, the underlying case resulted in a final judgment, and having been affirmed on appeal, all of Appellant's rights to appeal have been exhausted. We disagree.

{4} In *Breen*, the defendants sought issuance of subpoenas to both the State Taxation and Revenue Department and the plaintiff's wife, requiring disclosure of tax records and returns from wife, a non-party to the lawsuit. 2012-NMCA-101, ¶ 10. This Court recognized that the principle in *King* did not apply because the person to whom the subpoena was issued was a non-party whose "issues cannot fairly be resolved at the end of a trial of the underlying case and would be unreviewable on

appeal from a final judgment because she is not a party to the action." *Breen*, 2012-NMCA-101, ¶ 10. Moreover, because the same subpoena was also issued to the Department subpoenaing the production of the non-party's income tax returns over her objections, and she had "no power of refusal to comply with that subpoena," a contempt proceeding would not be available for appeal. *Id.* ¶ 16. However, unlike *Breen*, where the "effect of the order with regard to issuing the subpoena to the Department [was] also final as to resolving [wife's] assertion of confidentiality and privilege," *id.* ¶ 16, here Appellant is a party to the action and has recourse by way of refusing to comply with the subpoena and appealing from the contempt order.

{5}     We therefore conclude that the order is not a collateral order properly reviewable under Rule 12-503(E)(2)(c) NMRA because the order, at minimum, is not "effectively unreviewable on appeal from a final judgment." *Carrillo v. Rostro*, 1992-NMSC-054, ¶ 16, 114 N.M. 607, 845 P.2d 130 (internal quotation marks and citation omitted). Insofar as Appellant asserts that dismissing the appeal and compelling her to be subjected to a contempt order to be able to seek review of an asserted unlawful order is inequitable and unjust, her arguments are better directed at the Supreme Court. This Court is bound by Supreme Court precedent. *State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20-22, 135 N.M. 375, 89 P.3d 47.

{6}     For the reasons stated herein, and in this Court's second calendar notice, we dismiss the appeal.

{7}     **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**